UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV01035 AGF |
| | ) |
| THE APOTHECARY SHOPPE, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Express Scripts, Inc. ("ESI") brings this declaratory judgment action against Defendants, The Apothecary Shoppe, Inc., The Apothecary Shoppe of B.A., Inc., and Getman-Apothecary Shoppe, Inc. Plaintiff asks the Court to declare that its dispute with Defendants is not subject to arbitration and to enjoin Defendants from proceeding with the arbitration Defendants have instituted before the American Arbitration Association ("AAA") in Saint Louis County, Missouri.

Now before the Court are Plaintiff's motion for summary judgment (Doc. No. 13), Defendants' motion to compel arbitration and to dismiss for lack of personal jurisdiction (Doc. No. 18), and Defendants' motion for additional discovery (Doc. No. 53.) These motions have been fully briefed and pursuant to the parties' request the Court held oral argument on the motions. For the reasons set forth below, Defendants' motion to dismiss for lack of personal jurisdiction shall be denied, Defendants' motion for

additional discovery shall be denied, Plaintiff's motion for summary judgment shall be granted, and Defendants' motion to compel arbitration shall be denied.

## BACKGROUND

The record establishes the following. Defendants, three Oklahoma corporations, own and operate pharmacies in Oklahoma. Plaintiff is a Delaware corporation with its principal place of business in Missouri. For purposes of this action, Plaintiff functions in two capacities. First, Plaintiff functions as a pharmacy benefits manager ("PBM"), providing services to contracting parties such as employers, health plan sponsors, and insurance companies, to provide a drug benefit program that meets each contracting party's needs. As a PBM, Plaintiff maintains a network of pharmacies that are under direct contract with Plaintiff pursuant to an "ESI Pharmacy Provider Agreement." Under this Agreement, a contracting pharmacy agrees to provide pharmacy services to persons eligible for benefits under a prescription drug program for which ESI has agreed to provide pharmacy benefit management and related services. ESI agrees to reimburse the pharmacy at specified rates for these services, upon submission of claims to ESI following specified procedures. The Agreement incorporates by reference Plaintiff's Provider Manual that includes procedures for claims submission, payment, and audit. (Doc. No. 21-4.)

The Agreement contains a binding arbitration provision, as follows:

**Binding Arbitration**. Any claim or controversy ("Claim") whether under federal or state statutory or common law brought by either ESI or the Pharmacy against the other . . . arising from or relating in any way to the interpretation or performance of this Agreement . . . including Claims regarding the validity of this arbitration provision shall be resolved by

> binding arbitration. . . . Arbitration shall be . . . performed in accordance with the Commercial Rules of the American Arbitration Association then in effect. [T]his Agreement shall be governed, interpreted and enforced in accordance with the FAA [Federal Arbitration Act]. . . . Venue for the arbitration shall be in Saint Louis County, Missouri. The substantive laws of the State of Missouri (without regard to its choice of law rules) shall apply to claims and defenses of the parties and to the interpretation of this agreement to arbitrate. . . . The parties agree that only Claims asserted pursuant to this agreement will be arbitrated in a proceeding under this section. . . .

Id. at ¶ 7.15.

Second, ESI functions as a provider of pharmacy claims processing services for independent pharmacies and other pharmacy networks. CommunityCare Managed Health Care Plans of Oklahoma ("CommunityCare") is such a network of pharmacies for which ESI provides such services.

On February 1, 2009, Defendants entered into an ESI Pharmacy Provider Agreement with Plaintiff. Defendants also participate in CommunityCare's pharmacy network through an entity known as Mor-Val Healthcare. The CommunityCare Participating Pharmacy Agreement has an audit provision and, because Plaintiff processes claims for CommunityCare, makes reference to the standards set forth in Plaintiff's Provider Manual. The CommunityCare Participating Pharmacy Agreement does not include an arbitration provision. (Doc. No. 49-2.)

In mid-2011, CommunityCare asked Plaintiff, as its pharmacy claims processor, to audit certain claims that Defendants had submitted for payment under the CommunityCare Agreement. During the audit, Plaintiff identified claims that it asserts Defendants improperly submitted to CommunityCare for payment totalling

approximately $190,000. After Plaintiff presented its findings to CommunityCare, CommunityCare instructed Plaintiff to withhold payments on future claims submitted by the Defendants under the CommunityCare Participating Pharmacy Agreement in order to recoup the monies attributable to the improperly paid claims.

During the audit requested by CommunityCare, Plaintiff also investigated claims that Defendants submitted for payment under the ESI Pharmacy Provider Agreement and discovered some discrepencies in those claims. Plaintiff's Senior Director of Audit and Program Integrity attests that all the claims for which Plaintiff was withholding funds were CommunityCare claims submitted to Plaintiff for processing pursuant to the CommunityCare Participating Pharmacy Agreement. (Doc. No. 14-1.) Defendants allege that both CommunityCare and ESI claims are at issue. When asked by Plaintiff to provide evidence of disputed claims that arose under the ESI Pharmacy Provider Agreement between Plaintiff and Defendants, Defendants estimated that one-third of the claims were not governed by the CommunityCare Participating Pharmacy Agreement and specifically identified five claims that had been submitted under the ESI Pharmacy Provider Agreement. Upon review of the five identified claims, Plaintiff agreed that they were submitted under the ESI Pharmacy Provider Agreement and were examined as part of the audit, but averred that no monies had been withheld with respect to these claims and produced proof of payment to Defendants on these claims. Defendants have no evidence to the contrary.

With respect to the remaining claims, Defendants assert that they were audited pursuant to the terms and conditions of ESI's Provider Manual and that at least some of

the disputed, but yet to be identified, claims were submitted for payment under the ESI Pharmacy Provider Agreement rather than the CommunityCare Participating Pharmacy Agreement.

In March 2012, Defendants initiated AAA arbitration proceedings in Saint Louis County, Missouri, against Plaintiff. To date, Defendants have not identified any specific claims submitted under the ESI Pharmacy Network Agreement for which funds are being withheld. Plaintiff instituted the present action on April 30, 2012, in state court seeking a declaration that the claims in dispute are not subject to arbitration and enjoining the pending arbitration. Defendants removed the matter to this Court.

## **DISCUSSION**

**Personal Jurisdiction**

Defendants move to dismiss this action for lack of personal jurisdiction asserting that there is no basis for the exercise of jurisdiction over them under the Missouri long-arm statute and that they lack the requisite minimum contacts with Missouri for the constitutional exercise of personal jurisdiction. Plaintiff asserts that Defendants possess the requisite contacts because they entered into a contract in Missouri, did business in Missouri by virtue of the claims processing activities performed here, and that this Court may exercise specific jurisdiction over Defendants because they availed themselves of the benefits of this forum by initiating the arbitration in Saint Louis County, Missouri.

On a motion to dismiss for lack of personal jurisdiction, the party asserting jurisdiction carries the burden of proof but need only make a prima facie showing of a basis for jurisdiction. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004); *Epps*

*v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The Court views the evidence in the light most favorable to the non-moving party. *See Romak*, 384 F.3d at 983.

In Missouri, to obtain personal jurisdiction over a non-resident defendant, a plaintiff must make a prima facie showing that (1) the cause of action arose out of an activity covered by Missouri's long-arm statute and (2) the defendant had sufficient minimum contacts with Missouri to satisfy the due process requirements. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The Missouri long-arm statute, Mo. Rev. Stat. § 506.500, confers jurisdiction to the extent allowed by the Due Process Clause. *Arden*, 614 F.3d at 794. Under this standard, personal jurisdiction exists if the contacts between the defendant and the forum state are sufficient to establish that the defendant has purposefully availed itself of the benefits and protections of the forum state. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006).

Personal jurisdiction may be specific or general. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 819 (8th Cir. 1994)).

A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state.

*Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 779 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "isolated." *Id*. at 774. Specific jurisdiction, on the other hand, is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

To evaluate the sufficiency of a defendant's contacts, the Eighth Circuit considers five factors, affording the first three primary importance: (1) the nature and quality of the defendant's contacts with the forum state, (2) the quantity of such contacts, (3) the relation of the cause of action to the contacts, (4) the interests of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

With respect to the third factor, a court may exercise specific personal jurisdiction over a party "if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Romak*, 384 F.3d at 984 (citation omitted). Specific personal jurisdiction exists if the non-resident defendant has purposefully directed its activities toward Missouri residents and the suit arises out of or relates to those activities. *Arden,* 614 F.3d at 794.

The Eighth Circuit has held that a valid forum selection clause is sufficient to confer specific jurisdiction and satisfy the requirements of the due process clause. *St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001)

(holding that a forum selection clause in an arbitration agreement conferred jurisdiction with respect to a motion to compel arbitration filed in that forum); *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (holding that due process is satisfied where the defendant has entered into a contract that contains a valid forum selection clause).

In *St. Paul Fire & Marine Ins. Co.*, the Eighth Circuit found implied consent to personal jurisdiction arising from the forum selection clause in an arbitration agreement, noting that the exercise of personal jurisdiction was necessary and foreseeable for the defendant in light of the statutory requirement that an arbitration hearing be held "'within the district in which the petition for an order directing such arbitration is filed.'" 270 F.3d at 624 (quoting the FAA, 9 U.S.C. § 4).

Defendants contend that because Plaintiff seeks to enjoin rather than compel arbitration, the forum selection clause does not confer specific jurisdiction. The Court is satisfied that this a distinction without a difference for purposes of the personal jurisdiction determination. In essence, Defendants argue that this Court would have personal jurisdiction to grant affirmative, but not preemptive injunctive relief with respect to the arbitration. Moreover, given that Defendants have filed a motion to compel arbitration in this Court, their position on personal jurisdiction seems disingenuous. They cannot argue that they may consent to personal jurisdiction for purposes of their own motion to compel arbitration, but object to the exercise of personal jurisdiction for purposes of Plaintiff's request for declaratory and injunctive relief. Both requests raise the same issue – whether the disputed claims are subject to arbitration under the ESI

Pharmacy Provider Agreement – and therefore, the Court has personal jurisdiction to consider either request. *Cf. Painewebber Inc. v. Chase Manhattan,* 260 F.3d 453, 460 (5th Cir. 2001) (recognizing as a general rule that "when a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter" (citation omitted)); *Derse Inc. v. Haas Outdoors Inc.,* No. 09–CV–97, 2011 WL 554060, at *3 (E.D. Wis. Feb 4, 2011) (holding that the defendants waived personal jurisdiction challenge by previously invoking the court's power to compel arbitration). Defendants, having initiated the arbitration in this district, cannot be heard to complain that there is no jurisdiction over them in this district to enjoin that proceeding. Accordingly, the Defendants' motion to dismiss for lack of personal jurisdiction will be denied.

**<u>Summary Judgment and Arbitrability</u>**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). The moving party must establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or

allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff contends that the threshold question of whether this dispute is arbitrable is for the Court and not the arbitrator. Plaintiff further asserts that arbitration is not appropriate here because all of the disputed claims are CommunityCare claims subject to the terms of the CommunityCare Participating Pharmacy Agreement, which contains no arbitration provision and to which Plaintiff is not a party. Plaintiff argues that the ESI Pharmacy Provider Agreement which contains an arbitration provision cannot form a basis for the arbitration of these claims because Defendants have not identified a single ESI claim that is in dispute.

Defendants respond that the arbitration provision in the ESI Pharmacy Provider Agreement applies to this dispute because at least some of the audited claims were submitted under that Agreement and the audit was performed pursuant to the standards set forth in the ESI Pharmacy Provider Agreement and Provider's Manual incorporated by reference therein. Defendants further assert that the threshold question of arbitrability is reserved to the arbitrator because the arbitration provision in the ESI Pharmacy Provider Agreement provides that the arbitration proceedings under the agreement will be conducted in accordance with the AAA Rules which reserve questions of arbitral jurisdiction to the arbitrator.

The principal question presented here is whether the arbitration provision in the ESI Pharmacy Provider Agreement is applicable to the parties' dispute regarding the audited claims. Plaintiff contends that this determination is for the Court and Defendants assert that the question should be decided by the arbitrator.

"[A]bitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). The Eighth Circuit recognizes two types of challenges to arbitral jurisdiction: procedural and substantive. Procedural challenges "relate to whether the party who seeks arbitration, and the arbitrators themselves, abided by the procedural safeguards set forth in the [relevant agreement] and in the rules of the arbitral body." *Local 36 Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Whitney,* 670 F.3d 865, 867-68 (8th Cir. 2012) (citation omitted). Procedural challenges "are generally appropriate for submission to the arbitrators themselves." *Id.*

Substantive jurisdictional challenges, on the other hand, are generally for the courts to resolve and relate to two gateway questions of arbitrability, namely, the underlying issues of contract interpretation necessary to determine whether the parties are subject to a valid contract that calls for arbitration, and whether the contract, in fact, authorizes the arbitrator to decide the substantive issue submitted for resolution. *Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Constr. Prods., Inc.*, 359 F.3d 954, 956 (8th Cir. 2004); *see also AT&T Techs., Inc. v. Comm. Workers*, 475 U.S. 643, 649 (1986) (holding that it is also

the role of the courts to determine whether a valid arbitration agreement applies to the subject matter of the issue submitted for arbitration, unless the parties have unmistakably agreed otherwise); *Whitney,* 670 F.3d at 867-68 (holding that jurisdictional challenges of a substantive nature "are generally for the courts to resolve").

The question before the Court – whether the dispute between the parties arises under the agreement that contains the arbitration agreement upon which Defendants rely – is substantive in nature. *See Rent-A-Center, West, Inc. v. Jackson,* 130 S. Ct. 2772, 2777 (2010). Defendants belatedly sought discovery to uncover such evidence, but because they did so after responding to the motion for summary judgment and well after the Court's own invitation to request such discovery their request for additional discovery will be denied. On the basis of the undisputed facts before it, the Court is satisfied that there is no evidence on the record that the disputed claims are subject to the ESI Agreement.

The Court finds unpersuasive Defendants' argument that in this instance the arbitrability question, albeit a substantive one, should be decided by the arbitrator and not by the Court because the arbitration provision incorporation of the Commercial Rules of the AAA in the provision. It is true that the Eighth Circuit has held that where the parties incorporate the AAA Rules in their arbitration provision they effectively reserve the question of arbitrability for the arbitrator because Rule 7(a) of the AAA Rules provides that arbitrators determine their own jurisdiction. *See, e.g., Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011). But reference to the AAA Rules in an arbitration provision not applicable to the parties' dispute cannot mandate submission of the

threshold arbitrability issue to the arbitrator. *See Suburban Leisure Ctr., Inc. v. AMF Bowling Prods., Inc*., 468 F.3d 523, 527 (8th Cir. 2006). In sum, the Court concludes that Plaintiff's motion for summary judgment should be granted and Defendants' motion to compel arbitration should be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**. (Doc. No. 18.)

**IT IS FURTHER ORDERED** that Defendants' motion for additional discovery is **DENIED**. (Doc. No. 53.)

**IT IS FURTHER ORDERED** that Defendants' motion to compel arbitration is **DENIED**. (Doc. No. 18.)

**IT IS FURTHER ORDERED** Plaintiff's motion for summary judgment is **GRANTED**. (Doc. No. 13.)

A separate Judgment shall accompany this Memorandum and Order.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013.